NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DANIEL DAVITT, *Appellant*.

No. 1 CA-CR 22-0553

FILED 12-19-2023

Appeal from the Superior Court in Maricopa County
No.  CR2017-118418-001
The Honorable Justin Beresky, Judge
The Honorable John Hannah, Jr., Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Ashley Torkelson Levine
*Counsel for Appellee*

Stephen M. Johnson, Phoenix
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Anni Hill Foster joined.

**C A M P B E L L**, Judge:

¶1        Daniel Davitt appeals the superior court's denial of his motion to suppress statements he made during a confrontation call. Because we find no abuse of discretion, we affirm.

## BACKGROUND

¶2        Davitt was indicted on multiple molestation charges involving his two minor step-granddaughters, Laura and Rachel[1], occurring between May 2014 and May 2016. Before trial, the court held a voluntariness hearing to address the admissibility of statements Davitt made during a recorded confrontation call with the victims' mother, Melanie. Davitt argues that the circumstances surrounding the call rendered any incriminating statements inadmissible as involuntary confessions resulting from coercion by a state agent.

¶3        In 2017, the Avondale Police Department organized the confrontation call, recording it pursuant to Arizona's one-party consent statute. *See* A.R.S. § 13-3012(9) (permitting the state to record a phone call as long as one party to the call consents). Before the call, detectives instructed Melanie about the goal of the call—getting Davitt's "point of view and account of the incident(s)"—and they cautioned her not to make promises, threats, or use coercion in exchange for admissions. During the call, Melanie and the detectives exchanged notes about the content and direction of the conversation.

¶4        Melanie initiated the call and Davitt did not answer. He quickly called back, beginning what became the two-hour-long confrontation call. Davitt repeatedly denied sexual contact with either victim, but expressly admitted to inappropriately massaging 11-year-old Laura. At one point in the call, he said Laura may have "inadvertently"

---

[1]        We use pseudonyms to protect the identities of the victims and witnesses.

touched his penis for a quarter of a second. He quickly retracted this statement. While denying any sexual intent behind massaging his step-granddaughter, he referred to the massage as being "foreplay which [he] carried on later in the bedroom with [his] wife."

¶5         Throughout the call, Melanie urged Davitt to confirm various instances of sexual contact that Laura disclosed to her. When pressed to tell "the truth," Davitt repeatedly stated he would admit to anything that would bring the family back together. But he did not admit to sexual contact with either victim without immediately retracting the admission.

¶6         In September 2022, a jury convicted Davitt of one count of sexual conduct with a minor and five counts of child molestation. He timely appealed, challenging the trial court's denial of his motion to suppress the confrontation-call statements.

## DISCUSSION

¶7         "To be admissible, a statement must be voluntary, not obtained by coercion or improper inducement." *State v. Ellison*, 213 Ariz. 116, 127, ¶ 30 (2006). We will uphold a trial court's ruling on a motion to suppress absent an abuse of discretion, but we review legal conclusions de novo. *State v. Aldana*, 252 Ariz. 69, 71–72, ¶ 10 (App. 2021).

¶8         Davitt argues that his incriminating statements were the direct result of Melanie's coercion. He asserts that because Melanie was acting as an agent of the police, admitting his statements in evidence violated his constitutional rights. We disagree. When considering the totality of the circumstances of the confrontation call, the record supports the trial court's finding that his will was not overborne by coercion or promises. First, Davitt placed the phone call to Melanie and could have ended the conversation at any time. Second, Davitt was not promised prosecutorial leniency in return for a confession. Third, Davitt did not confess to the crimes of which he was convicted.

¶9         In *State v. Deng*, 1 CA-CR 15-0638, 2017 WL 525966, (Ariz. App. Feb. 9, 2017) (mem. decision), this court rejected a similar argument that a confrontation call should have been suppressed on the basis that the victim, who initiated the call, was acting as a state agent and used psychological pressure to coerce a confession. *Id.* at *2, ¶¶ 6, 8, 10. We concluded that the statements at issue were voluntary *even assuming* the victim was acting as a state agent. *Id.* at *3, ¶ 12. We held that the victim's "trickery at the behest of the State" did not amount to coercion, especially considering the other circumstances of the call. *Id.* at *2, ¶ 10.

¶10 Here, Davitt, like Deng, made the call, could have hung up the phone, and was in the comfort of his own home throughout the call. *Id.*; *see also State v. Valvano*, 1 CA-CR 20-0489, 2022 WL 244951, at *2, ¶ 9 (Ariz. App. Jan. 27, 2022) (mem. decision) (finding confrontation-call statements voluntary because appellant "could have terminated the calls before incriminating himself[,] . . . made the call, apologized for the abuse, and invited further dialogue"). The record shows that even if Melanie was acting as a state agent, Davitt's will was not overborne by her conduct.

¶11 To the extent that Davitt argues his statements were involuntary because he was promised leniency in exchange for a confession, we disagree. *State v. Snee*, 244 Ariz. 37, 39, ¶ 11 (App. 2018) (holding a statement is involuntary if "(1) a promise was in fact made, and (2) the suspect relied on that promise in making the statement" (citation omitted)). At no point during the phone call did Melanie promise not to press charges or to protect him against prosecution. *See State v. Williams*, 27 Ariz. App. 279, 285 (1976) (noting promises of leniency by the police are the kind of promises that render incriminating statements involuntary). At most, Melanie pleaded with Davitt to confess so she could defend him to her family. And even so, Davitt never confessed to sexually-motivated contact with her daughters.

¶12 Davitt goes on to argue that his Fifth Amendment right to remain silent and Sixth Amendment right to counsel were violated by the introduction of this evidence. But Davitt was neither in custody nor formally charged with any crime at the time of the call. *See Deng*, 1 CA-CR 15-0638, at *3, ¶ 12 ("[defendant] was not entitled to *Miranda* warnings because during the phone call he was not in custody or otherwise deprived of his freedom of action."); *State v. Fulminante*, 161 Ariz. 237, 246 (1988) (noting pre-indictment questioning does not trigger the Sixth Amendment right to counsel). Accordingly, neither Davitt's right against self-incrimination nor his right to counsel were implicated.

¶13 Finally, Davitt argues that admitting the call into evidence violated his Fourth Amendment right against unreasonable searches and seizures. He asserts that the confrontation call was "more than just a one-sided consent phone call" and was unconstitutional because "[t]he police knew they never would have been able to ask the questions they were having the mother ask the defendant." Davitt does not explain, however, how Melanie being coached by detectives during a confrontation call rendered his statements involuntary. And his Fourth Amendment argument fails because, as Davitt concedes, the recorded call was authorized under Arizona law. *See State v. Allgood*, 171 Ariz. 522, 523–24

(App. 1992) ("Monitoring and recording of a telephone conversation with the consent of one party . . . is authorized by statute in Arizona" and permissible under the Fourth Amendment.); A.R.S. § 13-3012(9). Because Melanie consented to recording the call, Davitt's lack of consent is not relevant. *See State v. Stanley*, 123 Ariz. 95, 102 (App. 1979).

**CONCLUSION**

¶14        Because Davitt's constitutional rights were not violated, we need not address whether Melanie was acting as a state agent. Accordingly, the court finds Davitt's incriminating statements to have been properly deemed voluntary by the trial court. We affirm.



AMY M. WOOD • Clerk of the Court
FILED:      TM